UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. MARTINEZ,<br><br>                               Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                               Defendant. | Case No.:  21-CV-1542-GPC-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>[ECF No. 18] |

On February 18, 2022, Defendant United States of America ("Defendant") filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), 12(b)(6) and 41(b). ECF No. 18. Plaintiff, proceeding *pro se*, filed an untimely opposition styled as a "Motion Opposing Motion to Dismiss Amended Complaint." ECF No. 21. Defendant filed a reply. ECF No. 20. For the reasons that follow, the Court HEREBY GRANTS Defendant's Motion to Dismiss the Amended Complaint. The Court finds this matter suitable for disposition on the papers and HEREBY VACATES the hearing previously set for May 6, 2022.

1

## I. BACKGROUND

Plaintiff, proceeding *pro se*, initially filed a complaint in the Superior Court of California, County of San Diego. ECF No. 1-2 at 8. Defendant then removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. ECF No. 1 at 2. On October 29, 2021, Defendant filed a Motion to Dismiss Plaintiff's Complaint, which this Court granted with leave to amend. ECF No. 15. Plaintiff filed his Amended Complaint on February 3, 2022. ECF No. 17.

The Amended Complaint alleges one cause of action under the Federal Tort Claims Act ("FTCA"). *Id.* at 2. Plaintiff's filing is devoid of detail and simply states that "[t]he abuse of authority violations committed by the United States Border Patrol Agents have triggered an allergic condition that in turn caused a physical disability [sic] not being abel [sic] to walk normally must use a walker to aid walking . . ." *Id.* The Amended Complaint also attaches copies of Plaintiff's medical records from 2017, showing treatment at San Francisco General Hospital for tongue and airway swelling. *Id.* at 6-16. The Amended Complaint does not allege any facts as to when or where an encounter with Border Patrol Agents might have occurred, what transpired at any encounter with such Agents, or any further connection between an alleged encounter with Border Patrol and the reactions documented in Plaintiff's hospital treatment notes. Although the Amended Complaint includes a copy of a handicapped parking placard and its record of issuance from the Department of Motor Vehicles, the Amended Complaint does not explain if and how this placard is related to his previous allergic reaction treatments, nor does it allege any facts linking the placard and Plaintiff's handicapped status to any actions or encounters with Border Patrol beyond the conclusory statement cited above.

The Amended Complaint also includes an undated document which states that it constitutes Plaintiff's "administrative tort claim for payment of restitution in the amount of $31,338, triggered by the abuse of authority violations that the United States Border

Patrol Agents committed against me while my [sic] reentry to the U.S.A. from Mexico. I claim a printout of the United States Border Patrol with the names of the United States Border Patrol Agents that met me in my reentry thru the Airport Charlotte North Carolina in one occasion . [sic] reentry thru San Izidro Ca., Otay Ca. on several occasions." *Id.* at 4. The document does not show whether Plaintiff sent this tort claim to any government agency or other recipient, nor does it include the referenced printout.

## II.  DISCUSSION

Defendant moves to dismiss on a number of grounds. First, Defendant contends that this Court lacks jurisdiction over Plaintiff's claim because Plaintiff has not exhausted his administrative remedies, as required by the FTCA. ECF No. 18 at 3. Defendant also argues that dismissal is appropriate because the Amended Complaint fails to allege sufficient facts to support a claim under the FTCA. Finally, Defendant argues that the Amended Complaint should be dismissed under Rule 41(b) because it violates Rules 8 and 10 for minimal standards of coherent pleadings.

### A.  Administrative Exhaustion under the Federal Tort Claims Act

The FTCA allows a plaintiff to bring certain state-law tort claims against the government of the United States, whose sovereign immunity is thereby waived for certain torts committed by federal employees acting within the scope of their employment. *Brownback v. King*, 141 S. Ct. 740, 746 (2021). The statute provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first properly exhausted his administrative remedies. 28 U.S.C.A. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993). Administrative exhaustion requires that the claimant present the claim to the appropriate Federal agency and that the claim shall have been finally denied by the agency, either in writing or through the agency's failure to make a final disposition of the claim within six months after it is filed. 28 U.S.C.A. § 2675(a). Where a plaintiff fails to exhaust administrative remedies, a district

court lacks subject matter jurisdiction over the claim. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (stating that because the administrative exhaustion requirement is jurisdictional, it must be strictly adhered to); *Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992) (noting that the claim requirement of section 2675 is jurisdictional in nature and may not be waived).

The premature filing of an FTCA action cannot be cured by the filing of an amended complaint, but instead, plaintiff must file a new suit. *Sparrow v. United States Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) (discussing Supreme Court precedent and statutory language, and concluding that the exhaustion requirement would be rendered meaningless if the claimant were permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim); *see also McNeil*, 508 U.S. at 109-110 (affirming Seventh Circuit decision which affirmed the District Court's decision to dismiss the case in its entirety due to failure to exhaust administrative remedies). Plaintiffs proceeding without counsel are subject to the same standards and procedural requirements for exhaustion as litigants who have retained counsel. *Id.* at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")

Here, Plaintiff gestures toward the administrative exhaustion requirement by including a purported "administrative tort claim" in his Amended Complaint. ECF No. 17 at 4. However, as Defendant points out, the administrative claim is undated and Plaintiff does not allege or show that he presented the claim to any federal agency, let alone the appropriate one. There is also no allegation that the claim was either ignored or denied by a federal agency, as required by the FTCA before an action in the district court can be commenced. As such, Plaintiff has failed to allege administrative exhaustion and therefore this Court lacks subject matter jurisdiction over Plaintiff's claim.

Plaintiff's argument to the contrary is unavailing. Plaintiff argues that the FTCA "does not state a federal Judge is stripped of his power of authority in this federal court inlight [sic] that your honor has been issuing orders in this case confirms this fact." ECF No. 21 at 2. However, the issue of subject matter jurisdiction had not yet squarely come before this Court. *See* ECF no. 15 at 2 (granting Defendant's Motion to Dismiss based on sovereign immunity). Now that Plaintiff has defined his claim under the FTCA, and Defendant has raised the issue of subject matter jurisdiction as it relates to that statute, this Court has occasion to analyze the issue of administrative exhaustion. The fact that this Court has issued previous orders in this action does not confer subject matter jurisdiction on Plaintiff's FTCA claim where administrative exhaustion has not been properly satisfied.

The Court therefore concludes that Plaintiff has failed to properly exhaust his administrative remedies as required by the FTCA, and therefore this Court lacks subject matter jurisdiction over this claim, which must be dismissed. Since the Court decides the matter under Rule 12(b)(1), there is no need for the Court to analyze Defendant's arguments as to Rule 12(b)(6) or Rule 41(b) dismissal.

### III. CONCLUSION

Because Plaintiff has failed to heed the clear statutory command that his claims must be properly administratively exhausted before suit in a district court may be filed, this Court HEREBY GRANTS Defendant's Motion to Dismiss. Leave to amend would be futile, and accordingly, the Court directs the Clerk to enter judgment dismissing this case in its entirety.

**IT IS SO ORDERED.**

Dated:  April 28, 2022

Hon. Gonzalo P. Curiel
United States District Judge